UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
UNITED STATES OF AMERICA,       )
                                )
            v.                  )
                                ) Criminal Action No. 84-73 (RWR)
WILLIE L. STEWART, JR.,         )
                                )
            Defendant.          )
_____ )

MEMORANDUM OPINION

Pro se defendant Willie Stewart contends that a warrant issued by the United States Parole Commission ("Commission") on September 11, 2012, for an alleged violation of his special parole conditions is invalid because he claims the warrant was issued after he had completed his underlying sentence.  He seeks a writ of mandamus directing the Commission to provide him with a prompt hearing on the alleged violation and a writ of habeas corpus freeing him from any confinement ordered after such a hearing since the confinement would stem from what he contends was an illegally issued warrant.  Because the special parole violation warrant was lawfully issued before Stewart's sentence expired in his underlying criminal case, and because Stewart did not have a due process right to a revocation hearing before the special parole warrant was executed, Stewart's petition will be denied.

-2-

BACKGROUND

On June 22, 1984, Judge Joyce Hens Green sentenced Stewart to one year of imprisonment for carrying a pistol without a license, in violation of 22 D.C. Code § 3204, two to six years of imprisonment for possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a), and a special parole term of three years to follow his imprisonment, with those sentences to run concurrently to each other and consecutively to any other sentence.  See Govt.'s Oppn. to Def.'s Pet. for a Writ of Mandamus ("Govt.'s Oppn."), ECF No. 5, Ex. A, J. & Commitment Order at 1.

At that time, 21 U.S.C. § 841(a)[1] required that the sentencing judge impose a mandatory term of three years of special parole.  See United States v. Brundage, 903 F.2d 837, 839 (D.C. Cir. 1990) (discussing the history of sentencing provisions under 21 U.S.C. § 841).  "Special parole was 'a period of supervision served upon completion of a prison term' and administered by the United States Parole Commission." Gozlon-Peretz v. United States, 498 U.S. 395, 399 (1991)

---

[1]  At the time of Stewart's 1984 sentencing, 21 U.S.C. § 841(c) stated that "[a] special parole term provided for in this section or section 845 or 845a of this title shall be in addition to, and not in lieu of, any other parole provided for by law."  21 U.S.C. § 841(c), repealed by Act of Oct. 12, 1984, Pub. L. No. 98-473, § 224(a)(6), 48 Stat. 1837, 2030 (1984).

(quoting Bifulco v. United States, 447 U.S. 381, 388 (1980)).

The special parole term was "designed to take effect upon the

expiration of the period of parole supervision following

mandatory release, or at the full term date following parole, or

upon release from confinement following sentence expiration."

United States v. Watson, 548 F.2d 1058, 1060 n.3 (D.C. Cir.

1977) (quoting Roberts v. United States, 491 F.2d 1236, 1238 (3d

Cir. 1974)).

Stewart was paroled in this case on June 18, 1990, and his

parole was scheduled to last until June 16, 1994.  See Govt.'s

Oppn., Ex. B, Certificate of Parole at 1.  During this period of

parole, Stewart was convicted in Virginia of robbery, possession

of a firearm by an individual convicted of a felony, and use of

a firearm in the commission of a felony.  See id., Ex. C, Order

for the Circuit Ct. for Fauquier County, Commonwealth of Va. at

1-2.  For these offenses, Stewart was sentenced on August 3,

1993 to an aggregate maximum term of 27 years of imprisonment,

followed by a five-year term of supervision.  See id. at 3.

After Stewart completed the sentence for his Virginia offenses,

the Commission revoked Stewart's parole in this case on

March 13, 2007.  See id., Ex. D, 3/13/07 Notice of Action at 1-

2.

On May 14, 2009, Stewart was released from prison and began

serving a mandatory release supervision period in this case.

See id., Ex. E, Bureau of Prison Sentence Monitoring Computation

Data at 13.  Stewart's mandatory release supervision period

ended on March 21, 2010, id. at 17, and his three-year term of

special parole imposed in this case began without any credit for

time previously spent on parole.  See id.  That term of special

parole was scheduled to expire on March 22, 2013.  See id., Ex.

G, Warrant and Warrant Application at 4.

In September 2012, Stewart was convicted in D.C. Superior

Court of possession with intent to distribute cocaine.  See id.,

Ex. G-1, J. in Crim. Case; Ex. G at 1, 4; Ex. E at 3.  He was

sentenced on September 10, 2012 to a term of 28 months of

imprisonment, followed by a term of supervised release of five

years.  See id., Ex. E at 3-4; Ex. G-1.  Following Stewart's

sentencing in D.C. Superior Court on September 10, 2012, the

Commission issued a special parole violation warrant on

September 11, 2012 to be lodged as a detainer against Stewart

and to be executed upon the completion of his D.C. Superior

Court sentence.  See id., Ex. G at 1, 5.  Stewart filed the

instant petition on July 29, 2014, just before the Commission

executed the special parole violation warrant on September 19,

2014, when Stewart completed his D.C. Superior Court prison

term.  See id., Ex. G at 2, Ex. E at 5.  The Commission then

notified Stewart that it had found probable cause to believe

that he had violated the conditions of his special parole in

this case due to his D.C. Superior Court conviction for possession with intent to distribute cocaine.  See id., Ex. I, Letter from Bureau of Prisons, dated October 7, 2014, at 1.  The Commission held a hearing on November 5, 2014, revoked his special parole in this case, and sentenced him to 32 months in prison.  See 11/5/14 Notice of Action at 1.  Stewart served time in prison from November 5, 2014 until May 8, 2015.[2]  On May 9, 2015, he began serving the term of supervised release that was imposed by the Superior Court in 2012.  That term is scheduled to end May 7, 2018.[3]

Stewart asserts that the Parole Commission issued a parole violation warrant after he had completed his parole term when the Commission had no further authority over him.  He complains that the warrant, lodged as a detainer in North Carolina where he was incarcerated on other charges at the time he filed his motion, is therefore an illegal detainer.  He frames his request for relief as both a request for a writ of habeas corpus to free him from the restraints of the illegal detainer, and a request for a writ of mandamus directing the Commission to grant him the

---

[2]  Stewart served less than the entire 32 months because he was given credit for time served for his D.C. Superior Court sentence.  See 11/5/14 Notice of Action at 1.

[3]  Stewart was not given credit for any time previously spent on special parole.  See 11/5/14 Notice of Action at 1.

parole hearing he has been seeking in which he can challenge the

parole violation warrant.[4]

DISCUSSION

I.   SUBJECT MATTER JURISDICTION

A court has an independent obligation to satisfy itself of

its subject matter jurisdiction in any litigation.  A habeas

petition is certainly the kind of matter that a district court

has the power to entertain.  See 28 U.S.C. § 2241(a).  But the

two bases upon which Stewart asserts that subject matter

jurisdiction lies in this Court over his habeas claim sound more

in issues of venue and personal jurisdiction: 1) any future

detention resulting from a parole violation finding in this case

would occur in this district, and 2) the warrant was issued in

this district by the Commission which is located here.

An inmate may seek habeas to challenge a detainer lodged

against him by an authority that would be his future custodian

should the detainer be honored.  See Braden v. 30th Judicial

Circuit Court, 410 U.S. 484, 488-89, 500-01 (1973).  Even if

subject matter jurisdiction to entertain a habeas petition is

_____

     [4]  Because Stewart is proceeding pro se, his petition will
be liberally construed in order to accurately capture the nature
of the legal relief that he seeks.  See e.g., Brown v. Dist. of
Columbia, 514 F.3d 1279, 1283 (D.C. Cir. 2008) ("'[A] document
filed pro se is to be liberally construed . . . and a pro se
complaint, however inartfully pleaded, must be held to less
stringent standards than formal pleadings drafted by lawyers.'"
(quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

present only when the court has personal jurisdiction over the custodian of the petitioner, see Guerra v. Meese, 786 F.2d 414, 415 (D.C. Cir. 1986) (citing Braden, 410 U.S. at 495), the Commission is a proper custodian here since the Commission is the authority that issued the detainer that brought Stewart into immediate custody after he finished serving his recent prison term.  See Braden, 410 U.S. at 498-99.  This Court could have personal jurisdiction over the Commission since the Commission is located in this district, and the United States does not contest -- thus waives -- this Court's personal jurisdiction over the Commission concerning the habeas claim.  See Fed. R. Civ. P. 12(h)(1); Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982).

The government ultimately does not challenge this Court's subject matter jurisdiction over the habeas claim.  This Court is also satisfied that it has subject matter jurisdiction over the habeas claim in this case.  But what is ultimately dispositive of the petition here is that Stewart's claim that the detainer is illegal has no merit and affords him no basis for achieving the relief he seeks, whatever the terms he uses for framing the relief sought.

II.  UNTIMELY DETAINER

Stewart contends that he had already completed his sentence in this case at the time the Commission lodged a detainer

against him.  Pet. at 1.  The government opposes Stewart's

claim, arguing that the warrant was issued before Stewart's term

of special parole in this case expired.  Govt.'s Oppn. at 6-8.

At the time the special parole violation warrant was issued

in September 2012, Stewart's sentence in this case had not yet

ended.  Stewart's mandatory release supervision period ended on

March 21, 2010.  See Ex. E at 17.  Stewart's three-year special

parole term began on March 22, 2010, and was scheduled to end on

March 22, 2013.  See Ex. F.  Thus, Stewart's sentence in this

case had not yet ended when the Commission issued the special

parole violation warrant on September 10, 2012.

The fact that the special parole violation warrant was

executed after the scheduled end of Stewart's term of special

parole in 2013 does not render the warrant invalid.  The Parole

Commission had the legal authority to revoke a term of special

parole provided that the special parole violation warrant was

issued before the end of Stewart's federal sentence.  See 28

C.F.R. § 2.98(e) ("The issuance of a warrant under this section

operates to bar the expiration of the parolee's sentence.  Such

warrant maintains the Commission's jurisdiction to retake the

parolee either before or after the normal expiration date of the

sentence and to reach a final decision as to the revocation of

parole"); see also Bethea v. U.S. Parole Comm'n, 751 F. Supp. 2d

83, 87 (D.D.C. 2010) ("[I]ssuance of the warrant tolls the

running of the sentence[.]" (citation omitted)); Owens v.

Gaines, 219 F. Supp. 2d 94, 100-01 (D.D.C. 2002) (same).

Therefore, the warrant issued by the Commission on September 11,

2012 was valid.

III. UNTIMELY HEARING

Stewart also contends that he was denied his right to a

timely revocation hearing.  Pet. at 3.  In opposition, the

government argues that the Commission's special parole violation

warrant was lodged as a detainer and because the warrant had not

yet been executed when he filed this petition, Stewart did not

yet have a due process right to a revocation hearing.  Govt.'s

Oppn. at 9.

A parolee is entitled to a revocation hearing only after a

violation warrant is executed, and not at the point when a

warrant is issued.  See Moody v. Daggett, 429 U.S. 78, 89 (1976)

("[The petitioner] has been deprived of no constitutionally

protected rights simply by issuance of a parole violator

warrant.  The Commission therefore has no constitutional duty to

provide petitioner an adversary parole hearing until he is taken

into custody as a parole violator by execution of the

warrant."); Munn Bey v. U.S. Parole Comm'n, 824 F. Supp. 2d 144,

146 (D.D.C. 2011) ("Hence, the right to a revocation hearing

within a reasonable time is only triggered after the parole

violator warrant is executed, not when it is lodged, and when

the defendant is taken into custody under that warrant, not any

other criminal warrant." (citation omitted)).  As the Supreme

Court stated in Moody,

> [The] execution of the warrant and custody under
> that warrant [is] the operative event triggering
> any loss of liberty attendant upon parole
> revocation.  This is a functional designation,
> for the loss of liberty as a parole violator does
> not occur until the parolee is taken into custody
> under the warrant.

Moody, 429 U.S. at 87 (citations omitted).  Detention following

the warrant's execution is what implicates the defendant's

protected liberty interest under the Due Process Clause.  The

right to a revocation hearing is triggered only after the

warrant is executed.

Similarly, there is no requirement that the Commission

execute a parole warrant before a defendant completes an

intervening sentence.  The Commission may lodge a detainer

against a defendant and wait until after the defendant completes

the intervening sentence to execute the warrant.  See, e.g.,

28 C.F.R. § 2.47(a) ("When a parolee is serving a new sentence

in a federal, state or local institution, a parole violation

warrant may be placed against him as a detainer."); see also

Ramsey v. Reilly, 613 F. Supp. 2d 6, 11 (D.D.C. 2009) ("If a

parolee is convicted of another crime while on parole and then

sentenced to prison, due process does not require that a parole

violator warrant be executed or that a parole revocation hearing

be conducted until after the expiration of the new sentence."

(citation omitted); Brooks v. U.S. Parole Comm'n, 510 F. Supp.

2d 104, 105 (D.D.C. 2007) ("[The Commission] has no obligation

to execute the warrant until petitioner completes his

intervening sentence." (citations omitted)); Lyons v. CCA/Corr.

Treatment Facility, Civil Action No. 06-2008 (GK), 2007 WL

2007501, at *2 (D.D.C. July 10, 2007) ("It is not a violation of

a parolee's due process rights to lodge a parole violator

warrant as a detainer and execute the warrant only after the new

sentence is completed." (citations omitted)).  Therefore,

Stewart did not have a due process right to a revocation hearing

before the warrant's execution.[5]  In any event, the Commission

did hold an institutional revocation hearing in this matter on

November 5, 2014, a date shortly after the warrant was executed.

See 28 C.F.R. § 2.49(f) ("Institutional revocation hearings

shall be scheduled to be held within ninety days of the date of

the execution of the violator warrant upon which the parolee was

retaken.").

---

[5]  A lengthy sentence that intervenes before a parole warrant is executed raises concerns expressed before by Chief Justice Earl Warren that postponed adjudication of claims can risk "dimmed memories or the death of witnesses [which] is bound to render it difficult or impossible to secure crucial testimony on disputed issues of fact."  Peyton v. Rowe, 391 U.S. 54, 61-62 (1968).  Those concerns are not lost on this Court.

-12-

CONCLUSION

There is no basis for finding that the Commission's special parole violation warrant was issued unlawfully.  Stewart neither established any right to a revocation hearing before the warrant was executed nor showed any unreasonable delay by the Commission when it conducted the hearing after the warrant was executed.  Thus, Stewart's petition is without merit, and his petition will be denied.  An appropriate final order accompanies this memorandum opinion.

SIGNED this 11th day of December, 2015.


_____/s/_____
RICHARD W. ROBERTS
Chief Judge